# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-11807
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

December 11, 2017

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

SIDRONIO CASTILLO-OLASCUAGA,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:15-CR-153-1

Before KING, ELROD, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

Sidronio Castillo-Olascuaga appeals the 127-month sentence imposed following his guilty plea conviction for conspiracy to distribute cocaine. He argues that the district court erred in applying a firearm enhancement pursuant to U.S.S.G. § 2D1.1(b)(1) because neither he nor his co-defendant possessed the firearm in question. We review the district court's interpretation

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 16-11807

of the Sentencing Guidelines de novo and its factual findings for clear error. *United States v. Trujillo*, 502 F.3d 353, 356 (5th Cir. 2007).

Though nothing in the record links the firearm to any particular conspirator, "the evidence makes it plausible that a 'weapon was present' and that one of the conspirators possessed it." *See United States v. Rodriguez-Guerrero*, 805 F.3d 192, 196 (5th Cir. 2015) (citing § 2D1.1(b)(1), comment. (n.11(A))). As there was enough evidence to support that the weapon must have been possessed by one of the conspirators in furtherance of the conspiracy, the district court did not err in its factual findings or legal conclusions underlying the firearm enhancement. *See id.*

Castillo-Olascuaga's opening brief does not address his objection before the district court concerning the availability of a safety valve adjustment. The Government argues that Castillo-Olascuaga has waived the issue by failing to brief it. Castillo-Olascuaga replies that the issue is not ripe for our review because it was never ruled upon by the district court. At sentencing, the district court noted the objections based upon the firearm enhancement and the availability of the safety valve, overruled the objection to the firearm enhancement, and stated that, as a consequence, Castillo-Olascuaga was not eligible for the safety valve. As the district court ruled on the safety valve issue and Castillo-Olascuaga does not provide any argument or analysis on that issue, it is abandoned. *See United States v. Scroggins*, 599 F.3d 433, 446 (5th Cir. 2010). The district court's judgment is AFFIRMED.